## 12481. JOHNSON v. MORRIS.

No error of law appears to have been committed by the trial judge, and the order which he passed in the case, following his findings on the plea in abatement, was demanded by the undisputed evidence.

            DECIDED OCTOBER 7, 1921.

Action for damages; from Floyd superior court — Judge Wright. April 13, 1921.

Morris sued Johnson for damages on account of personal injuries. The defendant made a special appearance before pleading to the merits, and filed a plea in abatement. This plea in abatement was verified by the oath of the defendant. No responsive pleadings were filed by the plaintiff and there was no attempt to amend the petition. On the hearing of the plea in abatement the trial judge considered the following evidence: C. H. Porter, of the firm of Porter & Mebane, stated in his place, as an attorney at law of the court, that the name of that firm was signed by him to the petition through mistake; that Mr. Mebane, his partner, had no connection with the case whatever, and that he, Porter, was alone attorney for the plaintiff, S. J. Morris; that the partnership of Porter & Mebane was not to begin and did exist until January 7, 1921; and that the petition was filed in

December, 1920. W. B. Mebane testified: that he had no interest whatever in the case on trial; that the defendant never consulted him, never employed him, and no one ever employed him for the plaintiff; that he did not bring the suit for the plaintiff, did not draft or prepare the petition, knew nothing about the suit going to be brought, did not authorize any one to bring the suit for him or in his name, and had no connection whatever with the suit, and that he first knew of the suit when informed by the defendant that it had been brought; that he then told the defendant that he did not bring the suit and that it was an error for his name to be attached to the suit as counsel, and at the same time he so told Harris, the attorney for the defendant. The court thereupon entered an order overruling and denying the plea in abatement, and ordered that the name of W. B. Mebane be stricken from the petition and that the case proceed in the name of C. H. Porter. To this order and judgment the defendant excepted on the following grounds: (1) because the ruling and judgment was contrary to law; (2) because it was contrary to the evidence, strongly and decidedly against the weight of the evidence, and had no evidence whatever to support it; (3) because it was contrary to the principles of equity and justice; (4) because the court erred in admitting in evidence the statement of C. H. Porter and the evidence of W. B. Mebane to the effect that W. B. Mebane was not attorney for the plaintiff, S. J. Morris, and that his name was signed to the petition through inadvertence, the objection of counsel for the defendant being that it was contrary to public policy to allow an attorney, who appeared as attorney for the plaintiff, to deny his appearance or to avoid the effect of his appearance; (5) because, as it appeared from undisputed evidence that W. B. Mebane was not authorized to appear in or to present or prosecute the petition against the defendant, the firm of Porter & Mebane could not appear in or present or prosecute such petition; (6) because the judge of the superior court can not by his order name parties who appear as attorneys for the parties; and (7) because, as this question was not raised by demurrer, but was raised by special appearance for the purpose of pleading in abatement only, it was impossible for the pleadings to be made good either by amendment or evidence after it was made to appear that W. B. Mebane was disqualified from appearing in said case.

*Nathan Harris,* for plaintiff in error. *C. H. Porter,* contra.

HILL, J. (After stating the foregoing facts.) We are of the opinion that there is no merit in any of the foregoing assignments of error. The judge of the trial court clearly had a right to hear the evidence offered, and this evidence clearly established the fact that the foundation upon which all of the assignments of error are based did not in fact exist; in other words, that the relationship of attorney and client between Mebane and the plaintiff did not exist and had never existed as claimed by the plea in abatement. Of course it is well settled, and based upon the very highest ethical principles, that an attorney who acquires knowledge of the affairs of another pending the relationship of attorney and client between them cannot use such knowledge afterwards to the detriment of his former client, and that an attorney who has been on one side of litigation will not be allowed to take a position in subsequent cases where the knowledge derived from his former client might be used to the prejudice of such client. The inherent weakness of the position of the plaintiff in error is that this well-established principle did not apply under the undisputed facts of this case, and that every objection made to the order of the court is purely technical and entirely without substantial merit. The judgment of the court below is affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*